# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON A. CAFFEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 15-00490-N |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## ORDER

This action is before the Court on the motion for fees under 42 U.S.C. § 406(b) (Doc. 27) (hereinafter, the "§ 406(b) motion") filed by Byron A. Lassiter, Esq., counsel of record for Plaintiff Jason A. Caffey.[1] The Defendant Commissioner of Social Security ("the Commissioner") timely filed a response (Doc. 27) stating that she "neither supports nor opposes" the motion.[2] Upon consideration, the Court finds that the motion is untimely.

Federal Rule of Civil Procedure 54(d)(2), which "applies to a § 406(b) attorney's fee claim[,]" *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam), provides that, "[u]nless a statute or a court order provides otherwise, [a] motion[ for attorney's fees] must be filed no later than 14 days after

---

[1] A Social Security claimant's attorney is the real party in interest to a § 406(b) award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[2] "[T]he Commissioner of Social Security…has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.

the entry of judgment." Fed. R. Civ. P. 54(d)(2). In its order remanding Caffey's case, the Court granted "Caffey's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) until thirty days after the date of receipt of a notice of award of benefits from the SSA." (Doc. 218 at 25). The order further stated: "Consistent with 20 C.F.R. § 422.210(c), 'the date of receipt of notice ... shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.'" (*Id.*).[3]

The award of benefits attached to Lassiter's § 406(b) motion (Doc. 24-2) indicates it was issued June 24, 2018, and is therefore presumed to have been received on Friday, June 29, 2018. Thus, Lassiter had until Monday, July 30, 2018, in which to file a § 406(b) motion. See Fed. R. Civ. 6(a)(1)(C). However, he did not file the present motion until November 14, 2018, and he fails to offer any explanation for the tardy filing.

Upon consideration, Lassiter is hereby given until **Thursday, December 13, 2018**, to file a motion under Federal Rule of Civil Procedure 6(b)(1)(B)[4] showing

---

[3] *See Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

[4] "When an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

sufficient grounds to excuse the tardy filing of his § 406(b) motion. In the event no such motion is filed by that deadline, Lassiter's § 406(b) motion (Doc. 27) will be summarily denied as untimely.

**DONE** and **ORDERED** this the 6th day of December 2018.

                               */s/ Katherine P. Nelson*
                               **KATHERINE P. NELSON**
                               **UNITED STATES MAGISTRATE JUDGE**