IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON A. CAFFEY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 15-00490-N |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the amended motion for fees under 42 U.S.C. § 406(b) (Doc. 30) (hereinafter, the "amended § 406(b) motion") filed by Byron A. Lassiter, Esq., counsel of record for Plaintiff Jason A. Caffey.[1] The Defendant Commissioner of Social Security ("the Commissioner") timely filed a response (Doc. 32) stating that she "neither supports nor opposes" the amended § 406(b) motion.[2] Upon consideration, the Court finds that the amended § 406(b) motion is due to be **GRANTED**.[3]

---

[1] A Social Security claimant's attorney is the real party in interest to a § 406(b) award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[2] "A § 406(b) fee is paid by the claimant out of the past-due benefits awarded." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). "[T]he Commissioner of Social Security…has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.

[3] With the consent of the parties, the Court designated the undersigned Magistrate Judge to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 15, 16).

# I. *Background*

Caffey, at all times represented by Lassiter, brought this action under 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. In accordance with the Court's scheduling order (Doc. 3), the Commissioner filed her answer (Doc. 9) to the complaint and the certified record of the relevant administrative proceedings (Doc. 10); Caffey filed his fact sheet and brief identifying alleged errors in the Commissioner's final decision (Doc. 11); and the Commissioner filed her brief responding to Caffey's claims of error (Doc. 12).

After the parties jointly waived the opportunity for oral argument (*see* Docs. 14, 17), the Court reversed the Commissioner's final decision under sentence four of § 405(g) and remanded the case to the Social Security Administration ("SSA") for further proceedings. (*See* Docs. 18, 19). Caffey subsequently filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412[4] (Doc. 20), which the Court granted, awarding Caffey $3,520.00 in EAJA attorney

---

[4] "[S]uccessful Social Security benefits claimants may request a fee award under the EAJA. Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States if the government's position in the litigation was not 'substantially justified.' 28 U.S.C. § 2412(d)(1)(A). EAJA fees are awarded to the prevailing party in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 796, 122 S. Ct. at 1822; *Reeves v. Astrue*, 526 F.3d 732, 736 (11th Cir. 2008). Unlike § 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds." *Jackson*, 601 F.3d at 1271.

fees.  (*See* Doc. 23).

Following remand to the SSA, an Administrative Law Judge ("ALJ") issued a favorable decision for Caffey on his DIB application.  A notice of award computing Caffey's past-due benefits was issued on June 24, 2018 (Doc. 30-2).  On December 3, 2018, additional notices of award were issued computing past-due benefits for three of Caffey's children (Docs. 30-3, 30-4, 30-5).[5]  Lassiter filed the amended § 406(b) motion on December 12, 2018.

## II.  *Analysis*

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a [DIB] claimant…who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…"  42 U.S.C. § 406(b)(1)(A).  "42 U.S.C. § 406(b) authorizes an award of attorney's fees where[, as here,] the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).[6]

---

[5] *See* 42 U.S.C. § 402(d) (entitling "every child…of an individual entitled to old-age or disability insurance benefits" to a "child's insurance benefit" if certain criteria are met).

[6] "Under 42 U.S.C. § 406(b)(2), it is a criminal offense for an attorney to collect fees

### a. Timeliness

Federal Rule of Civil Procedure 54(d)(2), which "applies to a § 406(b) attorney's fee claim[,]" *id.*, provides that, "[u]nless a statute or a court order provides otherwise, [a] motion[ for attorney's fees] must be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2). In its order remanding Caffey's case, the Court granted "Caffey's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) until thirty days after the date of receipt of a notice of award of benefits from the SSA." (Doc. 18 at 35-36). The order further stated: "Consistent with 20 C.F.R. § 422.210(c), 'the date of receipt of notice … shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.' If multiple award notices are issued, the time for filing a § 406(b) fee motion shall run from the date of receipt of the latest-dated notice." (*Id.*).[7] Here, four award notices arising from Caffey's DIB application were issued,

---

in excess of those allowed by the court." *Jackson*, 601 F.3d at 1271. *See also Gisbrecht,* 535 U.S. at 795-96 ("The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense. §§ 406(a)(5), (b)(2) (1994 ed.); 20 CFR §§ 404.1740–1799 (2001).").

[7] *See Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

with the later three each dated December 3, 2018.[8] The amended § 406(b) motion (Doc. 30), filed 9 days later, is therefore timely.[9]

### b. Reasonableness

> In *Gisbrecht v. Barnhart,* the Supreme Court considered 42 U.S.C. § 406(b) and clarified its impact on the district court's role in awarding a reasonable fee following a favorable claim for Social Security benefits. *See* 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). Although § 406(b)(1)(A) gives district courts the power to "determine and allow as part of its judgment a reasonable fee" following a favorable claim for Social Security benefits, 42 U.S.C. § 406(b)(1)(A), it does not empower them to ignore the fee agreements entered into by parties when determining what a reasonable fee would be, *see Gisbrecht*, 535 U.S. at 807, 122 S. Ct. at 1828 (concluding that " § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set"). Instead, courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances. *Id.* Accordingly, [a court] must look to the fee agreement made by [a claimant] and his attorney.

*Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014). "[T]he agreement, not the statute, provides the 'primary means by which fees are set.' " *Id.* (quoting *Gisbrecht*, 535 U.S. at 807).

---

[8] The United States Supreme Court has held that benefits accruing to a claimant's dependents by virtue of the claimant being found entitled to benefits are to be included in § 406(b)'s "total of the past-due benefits to which the claimant is entitled." *Hopkins v. Cohen*, 390 U.S. 530, 534 (1968). *See also McGraw v. Barnhart*, 450 F.3d 493, 499 (10th Cir. 2006) ("In *Hopkins v. Cohen,* 390 U.S. 530, 535, 88 S. Ct. 1146, 20 L. Ed. 2d 87 (1968), it held that attorney fees were properly calculated based on past-due benefits received by the claimant's entire family, rather than claimant alone."). Thus, the three notices of award issued to Caffey's children are relevant to Lassiter' § 406(b) fee claim.

[9] Lassiter's motion for an extension of time to file a § 406(b) motion (Doc. 29) is **MOOT**, in light of the later award notices issued after the motion for extension was filed resetting the deadline for filing such a motion.

In retaining Lassiter, Caffey entered into an attorney fee agreement (Doc. 30-7) which provides, in relevant part, as follows: "It is understood and agreed that I will pay an attorney's fee that will be 25% of the combined gross retroactive benefits from Social Security and Supplemental Security Income (SSI) resulting from a favorable award of the Commissioner, prior to any reduction under Section 1127(a) of the [Social Security] Act…It is understood that the term 'combined gross retroactive benefits', as used herein, represents the total amount of money to which I and any auxiliary beneficiary or beneficiaries become entitled through the month before the month SSA effectuates a favorable administrative determination or decision on my Social Security claim and that SSI past-due benefits are the total amount of money from which I become eligible through the month SSA effectuates a favorable administrative determination or decision on my SSI claim." The Court finds no reason to believe that this fee agreement violates § 406(b)(1)(A).[10]

However,

> [*Gisbrecht* further] explained that even when a contingency agreement complies with the statutory limit and caps the fee at 25 percent of the claimant's benefits award, "§ 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." [535 U.S.] at 807, 122 S. Ct. at 1828.

---

[10] The Commissioner declined to approve the fee agreement at the administrative level, finding that it "did not meet the statutory requirements of § 206(a)(2)(A) of the Social Security Act." (Doc. 29-3 at 2). However, that provision only applies to proceedings before the Commissioner. *See* 42 U.S.C. § 406(a)(2)(A). Moreover, nothing in § 406(b) requires there to be a fee agreement for counsel to still receive a fee under that provision.

> Even when there is a valid contingency fee agreement, *Gisbrecht* sets forth certain principles that a district court should apply to determine if the attorney's fee to be awarded under § 406(b) is reasonable. *See id.* at 808, 122 S. Ct. at 1828. Under *Gisbrecht* the attorney for the successful social security benefits claimant must show that the fee sought is reasonable for the services rendered. *Id.,* 122 S. Ct. at 1828. The district court may reduce the fee based on the character of the representation and the results achieved; and if the recovered benefits are large in comparison to the time the claimant's attorney invested in the case, a downward adjustment may be in order. *Id.,* 122 S. Ct. at 1828. The *Gisbrecht* Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling [of 25 percent of the claimant's recovered benefits]; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09, 122 S. Ct. at 1829.

*Thomas v. Astrue*, 359 F. App'x 968, 974-75 (11th Cir. 2010) (per curiam) (unpublished) (footnote omitted). *See also Jackson*, 601 F.3d at 1271 ("Assuming that the requested fee is within the 25 percent limit, the court must then determine whether 'the fee sought is reasonable for the services rendered.' *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). For example, courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* at 808, 122 S. Ct. at 1828.").

The June 24, 2018 notice issued to Caffey does not state the amount of past-due benefits Caffey was awarded, but does state that the SSA "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee[,]" and that it had "withheld $37,756.00 from [Caffey's] past due

benefits in case [it] need[ed] to pay [his] representative." (Doc. 30-2 at 3).[11] The 3 notices issued to Caffey's children (Docs. 30-3, 30-4, 30-5) awarded past-due benefits of $26,063, $14,755.00, and $3,739.00, respectively, and indicated that $6,515.75, $3,688.75, and $934.75 was being withheld from those respective amounts to pay the children's representative (also Lassiter). Each of the amounts withheld from the children's past-due benefits correctly represents 25% of those benefits. Thus, a total of $48,895.25 has been set aside by the SSA to pay Lassiter any approved fee.

On October 31, 2018, an ALJ authorized Lassiter to charge and collect a $6,000.00 fee for his services in representing Caffey before the SSA. *See* (Doc. 30-6); 42 U.S.C. § 406(a)(1) ("Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim."). The amended § 406(b) motion requests that Lassiter be allowed $42,895.25 (i.e., $48,895.25 - $6,000.00) in fees for work performed on behalf of Caffey in this Court.[12] The Court's duty now is to

---

[11] Neither Lassiter nor the Commissioner challenges that amount as an inaccurate calculation of 25% of Caffey's past-due benefits.

[12] Abrogating prior Eleventh Circuit precedent, the Supreme Court has recently held that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation,

determine whether it is reasonable for Lassiter to receive that amount for the work performed in this action. Considering the amount of time Lassiter devoted to this case and the services performed (*see* Doc. 30-1), the Court finds that the benefits awarded to Caffey are not so "large in comparison to the amount of time counsel spent on the case" such that "a downward adjustment is…in order." *Gisbrecht*, 535 U.S. at 808. By all accounts, Lassiter appears to have obtained excellent results for his client through his efforts, and a review of the docket for this action does not indicate that Lassiter has been responsible for any significant delay. Having considered the guidance set forth in *Gisbrecht*, the undersigned finds that it is reasonable for Lassiter to receive $42,895.25 under § 406(b).

The Court declines Lassiter's request that he be "directed to refund to the Plaintiff the smaller of either the EAJA fee or the §406(b)." (Doc. 30 at 9). Lassiter correctly recognizes that, under EAJA's Savings Provision, 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 183, 186, "an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client…" *Jackson*, 601 F.3d at 1274.[13] However, "[t]he obligation to

---

and not to the aggregate fees awarded under §§ 406(a) and (b)…" *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019). Lassiter's fee agreement with Caffey nevertheless appears to limit his overall fee to 25% total of Caffey's past-due benefits.

[13] "Although a refund paid by the claimant's attorney directly to the claimant would comply with the EAJA Savings Provision,…a refund is[ not] the only way to comply…[T]he attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request…" *Jackson*, 601 F.3d at 1274.

make the refund is imposed on the attorney[, and t]here is no language in the Savings Provision that requires courts to take any action with respect to the refund." *Id.* at 1272. The Court expects Lassiter to comply with his statutory obligation in due course without being expressly ordered to do so.

### III. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that Lassiter's amended motion for fees under 42 U.S.C. § 406(b) (Doc. 30) is **GRANTED** and that Lassiter is allowed a reasonable fee under § 406(b) for work performed in this district court action in the sum of **$42,895.25**, to be paid from the recovered past-due benefits of Caffey and his 3 children.[14]

**DONE** and **ORDERED** this the 5th day of February 2019.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[14] Lassiter's initial § 406(b) motion (Doc. 24) was superseded by the amended motion and is therefore **MOOT**.

Unless a party requests one, no separate judgment regarding attorney's fees shall be forthcoming. *See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).